Judge Robertson
delivered the opinion of the Court.
This is an action of covenant, on which ajudgment was rendered against Moore.
Isrent ed for $200, without spe-time^means for a’year. Notice to New-Orleans, on a day stated, if not day6,'ona day two*weeks oib leSa1,
Petition for * re"lieannS'
Monroe, for plaintiff; Denny, for defendant.
The covenant is substantially recited in the decía-ration. There is no material variance. The legal construction of the covenant, is, that it that the rent of the house, sold by Moore to Hum-phreys, was $200; and we cannot doubt that meant and was intended to mean, ‡200 annually. Such is the legal effect. It was, therefore, proper to declare on the covenant, according to this construetion of it. It is certainly a covenant that $>200 is the amount of rent. Otherwise, why was it stated, that the house was under rent for $200? Not to describe the property surely. And the writing is susceptible of no consistent construction, other than that the rent was $200 for a yéar. The term could not be construed to be indefinite. And if it were limited, it should be construed to be for one year, in the absence of any designation of any other time, as that would be according to the usual mode of renting houses. ■
We cannot decide that a notice to take a deposition on a particular day, in Orleans, or if not taken on that day, then to be taken on a specified day, two weeks subsequent, is not legal. Therefore, the court did not err in suffering the deposition, taken under such a notice, to be read. Wbat is a reasonable notice is often a vexatious question. This has been so to us. But the case of May’s heirs vs. Russell, I. Monroe, 227, inclines us to affirm the judgment.
There being no other errors assigned, except such as are embraced in the foregoing view, the judgment of the circuit court must be affirmed, with costs and damages.